**JUDGE HELLERSTEIN**

08  CV  7288

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

International Insurance Company of Hannover,
Ltd.,

                         Plaintiff,

               - against -

I.B. Security Conscious, Inc., Ali Parchment,
Lindon Ramsey, Beatrice D. Ramsey, CEC
Entertainment, Inc. (d/b/a Chuck E. Cheese), and
Forest City Ratner Companies,

                       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Case No.:

COMPLAINT

RECEIVED
AUG 1 8 2008
U.S.D.C. S.D.N.Y.
CASHIERS

*ECF CASE*

        NOW COMES Plaintiff, International Insurance Company of Hannover, Ltd.

("Hannover"), by and through its attorneys Lewis, Brisbois, Bisgaard & Smith, LLP ("Lewis

Brisbois"), as and for its Complaint for a Declaratory Judgment, states and alleges upon personal

knowledge and information and belief as follows:

## THE PARTIES

        1. Plaintiff Hannover is a corporation duly organized and incorporated under the laws of

the United Kingdom. Hannover is a wholly owned subsidiary of Hannover Finance (UK)

Limited, itself a wholly owned subsidiary of Hannover Ruckversicherung AG of Sweden, which

is owned by Hannover Re, Talanz AG and HDI of Germany.

        2. Upon information and belief, defendant I.B. SECURITY CONSCIOUS, INC.

("IBSC") is a domestic corporation duly organized and incorporated under the laws of the State

of New York, with its principal place of business located at 190 E. 162nd Street, Bronx, New

York.

3.  Upon information and belief, defendant ALI PARCHMENT ("Parchment") was and remains an individual residing in the State of New York, County of Kings.

4.  Upon information and belief, defendants LINDON and BEATRICE D. RAMSEY ("Ramseys") were and remain individuals residing together as husband and wife in the State of New York, County of Kings.

5.  Upon information and belief, defendant CEC ENTERTAINMENT, INC. ("CEC") was and remains a foreign business corporation, licensed to do business in the State of New York.

6.  Upon information and belief, CEC operated and/or conducted a business in the State of New York, County of Kings, under the trade or assumed name of "Chuck E. Cheese."

7.  Upon information and belief, CEC operated the business of a restaurant and/or seller of food and other incidental items at the Atlantic Terminal Mall, located at 139 Flatbush Avenue, New York.

8.  Upon information and belief, defendant FOREST CITY RATNER COMPANIES ("Ratner") was and remains a foreign corporation doing business in the State of New York, County of Kings.

## JURISDICTION AND VENUE

9.  Jurisdiction for this action is founded on 28 U.S.C. §1332 as the parties to this action are incorporated in various states, transacting business in different states, are citizens of different states, and the amount in controversy exceeds $75,000.00.

10. Venue is proper in this district, in accordance with 28 U.S.C. §1391(a)(1) and (2), as defendant IBSC has its principal places of business in Bronx, New York, within the Southern

District of New York and a substantial part of the events giving rise to this claim occurred within

the judicial district of the Southern District of New York.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION

11. International Insurance Company of Hannover, Ltd. ("Hannover") issued a

Commercial General Liability Policy to IBSC for the period July 11, 2004 through July 11, 2005

via Policy No. HS00000637-2 (the "Policy"). A copy of the Policy's Declaration Page is

annexed hereto as Exhibit "A."

12. The Policy contains an Exclusion of Specific Work Endorsement, Form CVX-GL-

0700 (1/93) (the "Exclusion"), describing excluded operations as:

> Any and all operations at establishments or premises at which
> alcoholic beverages are served, sold, consumed or dispensed,
> including without limitation bars, nightclubs, restaurants, banquet
> facilities, sports events, concert facilities and package liquor stores.
>
> * * * *
>
> This insurance does not apply to "bodily injury," "personal injury,"
> or "property damage" arising out of the work described above even
> if other causes contribute to or aggravate the "bodily injury,"
> "personal injury," or "property damage."
>
> It is the intent of this endorsement to exclude from this insurance
> all claims, demands or suits as above described. There shall,
> therefore, be no duty or obligation on our part under this Insurance
> to defend, respond to, investigate, or indemnify anyone, including
> but not limited to you, your agents, servants, or employees, or any
> third parties for any such claim, demand or suit.
>
> A copy of the Exclusion is annexed hereto as Exhibit "B."

13. On June 18, 2005, an incident occurred a defendant CEC, located in the Atlantic

Terminal Mall in Brooklyn, New York. As a result of that incident, IBSC was named as a

defendant in two lawsuits: *Lindon Ramsey and Beatrice D. Ramsey v. CEC Entertainment, Inc.,*

*d/b/a/ Chuck E. Cheese and IBSC Agency,* venued in Kings County, index number 24608/05

("Ramsey Action") and *Parchment v. CEC Entertainment, Inc., d/b/a/ Chuck E. Cheese, IBSC Agency Inc., Forest City Ratner Companies, and ABC Corp.,* venued in Kings County, index number 34071/06 ("Parchment Action").

14. On May 17, 2006, IBSC filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

15. In November 2006, First Mercury Insurance Company ("First Mercury"), on behalf of Hannover, received the verified complaint filed in the Ramsey Action. A copy of the verified complaint is annexed hereto as Exhibit C.

16. Shortly thereafter, First Mercury, on behalf of Hannover, received the verified complaint filed against IBSC in the Parchment Action. A copy of the verified complaint is annexed hereto as Exhibit D.

17. Both verified complaints allege that on the date of incident, plaintiffs Parchment and Ramsey suffered severe personal and emotional injuries as a result of each being stabbed by a CEC patron(s). (Ex. C, Ramsey Compl., ¶ 20; Ex. D, Parchment Compl., ¶ 23).

18. The verified complaints also allege that CEC sold, gave or allowed alcoholic beverages to be consumed by its patrons. (Ex. C, Ramsey Compl., ¶ 28; Ex. D, Parchment Compl., ¶ 31).

19. Additionally, both Ramsey and Parchment assert that the patrons at the time of or shortly after consuming alcohol were intoxicated. (Ex. C, Ramsey Compl., ¶ 29; Ex. D, Parchment Compl., ¶ 32).

20. In addition to the verified complaints, the bill of particulars served in the Ramsey Action, sworn to by Lindon Ramsey, state as follows:

4836-6504-4738.1                                    - 4 -

[C]ertain persons were permitted to consume alcohol upon [CEC's] premises and [CEC] failed to stop said drinking until such persons became intoxicated and under the influence of alcohol, such that they became unruly, agitated and combative and did in fact cause harm to several of [CEC's] patrons including the Plaintiff, LINDON RAMSEY; and in that [CEC] failed to remove such intoxicated persons from its premises before acts of harm were permitted to be perpetrated upon the person of Plaintiff, LINDON RAMSEY; in that [CEC] failed to observe the drinking of alcohol in its premises, although the same was done openly and in view of [CEC's] security staff, or [CEC's] security persons observed such alcohol drinking, but took no action to stop it.

A copy of the verified bill of particulars is annexed hereto as Exhibit E, ¶ 6.

21. Upon information and belief, the damages sought in the Ramsey and Parchment Actions exceed $75,000.00

22. On December 5, 2006, Hannover, through First Mercury, issued a reservation of rights letter under the Policy to IBSC regarding the Ramsey Action, accepting the defense of the matter but reserving rights with respect to coverage and defense based upon the Exclusion. IBSC was advised that nothing in the letter was to be construed as a waiver of any Policy terms, conditions, exclusions or limitations not expressed in the letter or as a waiver, relinquishment or other limitation of rights. A true and accurate copy of the December 5, 2006 letter is annexed hereto as Exhibit F.

23. On December 19, 2006, Hannover, through First Mercury, issued a reservation of rights letter under the Policy to IBSC regarding the Parchment Action, again accepting the defense of the matter but reserving rights with respect to coverage and defense based upon the Exclusion. A true and accurate copy of the December 19, 2006 letter is annexed hereto as Exhibit G.

24. By letter dated March 7, 2007, Hannover, through First Mercury, advised IBSC that it learned that Chuck E. Cheese did in fact serve alcohol. First Mercury requested from IBSC any legal reasons or facts to consider before it withdrew from the defense of IBSC in the Ramsey and Parchment Actions pursuant to the Exclusion. To date, IBSC has not responded to this request. A true and accurate copy of the March 7, 2007 correspondence is annexed hereto as Exhibit H.

25. Shortly thereafter, both Ramsey and Parchment filed motions before the Bankruptcy Court, seeking orders for relief from the automatic stay. Ramsey and Parchment requested permission to take discovery in their personal injury actions, as well as pursue any recovery from IBSC's insurance companies, including First Mercury.

26. On April 25, 2007, the Bankruptcy Court issued an order granting Parchment's motion and modifying the stay to permit Parchment to: "(1) continue with discovery in the personal injury suit filed against the Debtors in new York State Supreme Court, County of Kings under Index No.: 34072/06; and (2) seek recovery in that action from any and all insurance policies, including the policy with First Mercury Insurance Company, maintained by the Debtors at the time of the accident." A true and accurate copy of the order is annexed hereto as Exhibit I.

27. On August 21, 2007, the Bankruptcy Court granted the Ramsey motion, setting forth a nearly identical order permitting the Ramseys to continue with discovery in their action (Index No. 24608/05) and seek recovery in that action from any and all insurances policies, including First Mercury. A true and accurate copy of the order is annexed hereto as Exhibit J.

28. By letter dated November 29, 2007, Hannover, through First Mercury, advised IBSC that pursuant to the Exclusion, Hannover is not obligated under the Policy to defend or indemnify for claims arising from the June 18, 2005 incident and as alleged in the Ramsey and

Parchment Actions, and that Hannover withdraws from the defense of the Ramsey and Parchment Actions, and disclaims any duty to indemnify or afford any coverage for such actions under the Policy. A true and accurate copy of the November 29, 2007 correspondence is annexed hereto as Exhibit K.

29. On June 19, 2008, the Bankruptcy Court issued an order conditionally dismissing IBSC's Chapter 11 cases and directing the payment of the Trustee's fees. A true and accurate copy of the order is annexed hereto as Exhibit L.

## FIRST CAUSE OF ACTION – DECLARATORY JUDGMENT

30. Hannover hereby repeats and realleges the allegations of paragraphs 1 through 24 of this Complaint as though fully set forth herein.

31. A dispute between Hannover and IBSC has arisen concerning Hannover's obligation under the Policy to defend, afford coverage and/or indemnify IBSC in the Ramsey and Parchment Actions.

32. The Exclusion specifically excludes from coverage:

> Any and all operations at establishments or premises at which alcoholic beverages are served, sold, consumed or dispensed, including without limitation bars, nightclubs, restaurants, banquet facilities, sports events, concert facilities and package liquor stores.
> Ex. B.

33. Multiple sworn allegations in both the Ramsey and Parchment verified complaints state that alcohol was "served, sold, consumed or dispensed." See Exs. C, Ramsey Compl., ¶ 28; Ex. D, Parchment Compl., ¶ 31.

34. Additionally, Ramsey states in his verified bill of particulars that patrons were permitted to consume alcohol upon CEC's premises. See Ex. E, ¶ 6.

35. Multiple sworn statements establish that alcohol was consumed at CEC and, as such, IBSC provided operations at an establishment or premise at which alcohol was served, sold, consumed or dispensed.

36. The Exclusion therefore applies and precludes coverage under the Policy for any claims arising from the June 18, 2005 incident, including the claims asserted in the Ramsey and Parchment Actions.

37. As a result of the foregoing, Hannover is not obligated to afford coverage under the Policy to IBSC, nor indemnify the Ramseys, Parchment, CEC or Ratner, as set forth in the letter dated November 29, 2007. *See* Ex. K.

38. Hannover respectfully requests that this Court resolve and adjudicate the dispute between the parties and declare the rights and duties of Hannover under the Policy.

WHEREFORE, Plaintiff International Insurance Company of Hannover, Ltd. respectfully requests that this Court issue a declaratory judgment against defendants I.B. Security Conscious, Inc., Ali Parchment, Lindon and Beatrice Ramsey, CEC Entertainment, Inc. and Forest City Ratner Companies, declaring as follows:

    (a)    Based upon the Exclusion of Specific Work Endorsement of the Policy, plaintiff International Insurance Company of Hannover, Ltd. is not obligated to afford coverage, including loss or defense costs, or provide a defense to defendants I.B. Security Conscious, Inc., Ali Parchment, Lindon and Beatrice Ramsey, ECE Entertainment, Inc. or Forest City Ratner Companies for any claims arising from the June 18, 2005 incident, including the claims asserted in *Lindon Ramsey and Beatrice D. Ramsey v. CEC Entertainment, Inc., d/b/a/ Chuck E. Cheese and IBSC Agency,* Kings County, index number 24608/05 and *Parchment v. CEC Entertainment, Inc., d/b/a/ Chuck E. Cheese, IBSC Agency Inc., Forest City Ratner Companies, and ABC Corp.,* Kings County, index number 34071/06; and,

    (b)    Awarding to plaintiff International Insurance Company of Hannover, Ltd. such other and further relief as this Court deems just and proper.

Dated:    New York, New York
           August 12, 2008

Yours, etc.

LEWIS BRISBOIS BISGAARD & SMITH, LLP

By: _____
Mark K. Anesh (MA8303)
*Attorneys for Plaintiff*
International Insurance Company of
Hannover, Ltd.
199 Water Street
New York, New York 10038
(212) 232-1300
File No. 24799-196

4836-6504-4738.1                    - 9 -

Exhibit "A"

# INTERNATIONAL INSURANCE COMPANY OF HANNOVER, LTD.
### 29621 NORTHWESTERN HWY., SOUTHFIELD, MI 48034

## COMMERCIAL GENERAL LIABILITY DECLARATIONS
### (OCCURRENCE POLICY)
## RENEWAL DECLARATION

**NAMED INSURED AND ADDRESS:**

I.B. Security Conscious Inc.

888-B Grand Concourse

Bronx, NY 10451

**POLICY NUMBER:** HS00000637-2
**RENEWAL OF:** HS00000637

**POLICY PERIOD:** 07/11/2004 TO 07/11/2005
12:01 A.M. STANDARD TIME AT THE ADDRESS
OF THE NAMED INSURED AS STATED HEREIN.
**AUDIT PERIOD:** Annual Audit
**THE NAMED INSURED IS:** Corporation
**BUSINESS DESCRIPTION:** See Schedule Attached 'CVX-DEC-EX'

**LIMITS OF LIABILITY: COVERAGE IS PROVIDED ONLY IF A LIMIT IS SHOWN BELOW:**

| | |
|---|---|
| General Aggregate Limit | $2,000,000 |
| Products-Completed Operations Aggregate Limit | Included in General Aggregate |
| Each Occurrence Limit | $1,000,000 |
| Personal and Advertising Injury Limit | Amendment of Limits Endorsement |
| Fire Damage Limit | $50,000 |
| Medical Payments Limit | $5,000 |

**FORMS & ENDORSEMENTS ATTACHED TO THIS POLICY AT TIME OF ISSUE:**
See Attached Extension of Declarations, Form #   CVX-DEC-EX

**TOTAL ADVANCE PREMIUM**
    $ 76,849.00        See CVX-GL-0800 Attached

***NO FLAT CANCELLATIONS
SUBJECT TO AUDIT PREMIUM
ADJUSTMENT***

*IMPORTANT! Please carefully examine your policy as it may contain significant coverage modifications or exclusions. If this policy is a renewal, it may not contain the same precise terms and conditions as the prior policy*

*NOTICE: IN ORDER TO PRESERVE YOUR RIGHTS UNDER THIS POLICY ALL CLAIMS MUST BE REPORTED IMMEDIATELY TO:*

*Cover X Corporation*
*P.O. Box 5096*
*Southfield, MI 48086*
*Phone: 248-358-4010*
*Fax: 248-357-5036*

*THE INSURANCE COMPANY IN WHICH THIS COVERAGE IS PLACED IS AUTHORIZED TO TRANSACT BUSINESS IN THE STATE WHERE THE PROPERTY AND/OR ASSURED IS LOCATED BUT THE COMPANY IS NOT A LICENSED CARRIER IN THAT STATE. THIS POLICY AND THE PREMIUM THEREON MUST BE PROPERLY DECLARED AS A SURPLUS LINES RISK TO THE INSURANCE DEPARTMENT OF THE STATE. PROPER FILINGS MUST BE MADE AND SURPLUS LINES TAXES PAID BY A SURPLUS LINES BROKER IN THE STATES.*

DATE: 7/12/04

Countersigned By: _____
                         Authorized Representative

Policy No.: HS00000637

## LOCATION OF PREMISES
Location of All Premises You Own, Rent or Occupy:

1    888-B Grand Concourse , BRONX, NY 10451

| **PREMIUM** | EXPOSURE AMOUNT | | ADVANCE |
|---|---|---|---|
| CLASSIFICATION | PREMIUM BASIS | RATE | PREMIUM |
| 1    98751-Security or Patrol Agencies incl Products/Completed Operations | 1,485,000 Per $1,000 of Payroll | 45.0000 | $66,825.00 Subject to a minimum premium of $66,825.00 |
| 2    16291-Independent Contractors | 0 Per $1,000 of Contract Cost | 25.0000 | Premium to be determined at audit |
| 3    99998-Blanket Additional Insured | Included | Incl | Included |
| 4    00911-2002 Terror Risk Insurance Act ("TRIA") | 0 See Classification Notes | 0.0000 | $10,024.00 Subject to a minimum premium of $10,024.00 |

CVX-DEC-EX

**FORMS & ENDORSEMENTS ATTACHED TO THIS POLICY AT TIME OF ISSUE:**

CL 182(01/96) - COMMERCIAL GENERAL LIABILITY COVERAGE FORM
CL 220c(01/96) - NEW YORK CHANGES
CVX-EO1 (07/01) - ERRORS & OMISSIONS
CVX-GL-0104A(9/91)-INDEPENDENT CONTRACTORS - OTHER INSURANCE AMENDMENT
CVX-GL-0202(4/90) EXCLUSION - OFF ROAD MOTOR VEHICLES
CVX-GL-0208(7/96) EXCLUSION - ASBESTOS
CVX-GL-0242(6/91) EXCLUSION - EMPLOYEES, PERSONS & ORGANIZATIONS
CVX-GL-0301(04/91) DEDUCTIBLE LIABILITY INSURANCE
CVX-GL-0312(10/90) EXCLUSION PUN OR EMPL DMGS CRIMINAL ACTS
CVX-GL-0406(11/98) CONTRACTUAL LIABILITY LIMITATION ENDORSEMENT
CVX-GL-0509(12/88) LOST KEY COVERAGE
CVX-GL-0517(1/89) CARE, CUSTODY & CONTROL
CVX-GL-0701(12/96) CLASSIFICATION DESCRIPTION
CVX-GL-0800(11/96) AMENDMENT OF PREMIUM ENDORSEMENT
CVX-GL-1001A (09/02) - EXCLUSION - MOLD, FUNGI OR BACTERIA
CVX-GL-1002 (09/02) - TERRORISM EXCLUSION
CVX-GL-1005(11/02)-EXCEPTION TO TERRORISM EXCL. FOR CERT. ACTS OF TERRORISM
CVX-GL-1008 (03/04) - FIREARMS EXCLUSION
CVX-LEGAL(7/96) SERVICE OF SUIT
460007-GL (01/89) - ASSAULT AND BATTERY AMENDATORY ENDORSEMENT
GU 267(11/85) COMMON POLICY CONDITIONS
GU 515 (4/98) NUCLEAR ENERGY LIABILITY EXCLUSION - NEW YORK ONLY

AI-GL-0002(3/91) - BLANKET ADDITIONAL INSURED ENDORSEMENT
CVX-GL-OC-G1-0253(6/94) AMENDMENT OF LIMITS OF INSURANCE
CVX-GL-0505(1/89) SPECIAL LIMITATION
CVX-GL-0700 (01/93) - EXCLUSION OF SPECIFIC WORK

CVX-DEC-EX

Exhibit "B"

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# EXCLUSION OF SPECIFIC WORK

This endorsement modifies insurance provided under the following:

## COMMERCIAL GENERAL LIABILITY COVERAGE PART

### EXCLUDED OPERATIONS

Description:

Any and all operations at establishments or premises at which alcoholic beverages are served, sold, consumed or dispensed, including without limitation bars, nightclubs, restaurants, banquet facilities, sports events, concert facilities and package liquor stores.

Any and all operations involving the use of canines, whether or not attended by handlers.

Any and all operations at swimming pools, including but not limited to those located at hotels, motels, cooperatives, condominiums and apartment complexes.

Any and all operations at any government owned or subsidized housing, whether owned or subsidized by a municipal, state or federal government, or any subdivision or agency thereof.

Any and all operations at schools during open hours.

Any and all operations at, around or on behalf of any concert, sporting event, special event, flea market, amusement park, state, county or municipal fair.

Any and all operations at, around or on behalf of any restaurant generally or customarily referred to as a "fast food" restaurant, including but not limited to a national or regional franchise or company owned restaurant such as McDonalds, Burger King, Taco Bell, Kentucky Fried Chicken.

Any and all operations involving the control and/or direction of automobiles or mobile equipment.

This insurance does not apply to "bodily injury," "personal injury," or "property damage" arising out of the work described above even if other causes contribute to or aggravate the "bodily injury," "personal injury," or "property damage."

It is the intent of this endorsement to exclude from this insurance all claims, demands or suits as above described. There shall, therefore, be no duty or obligation on our part under this Insurance to defend, respond to, investigate, or indemnify anyone, including but not limited to you, your agents, servants, or employees, or any third parties for any such claim, demand or suit.

This endorsement forms a part of the policy to which attached, effective on the inception date of the policy unless otherwise stated herein.

(The following information is required only when this endorsement is issued subsequent to preparation of policy.)

Endorsement effective                    Policy No.                    Endorsement No.

Named Insured

Countersigned by _____

(Authorized Representative)

CVX-GL-0700(1/93)

Exhibit "C"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
LINDON RAMSEY and BEATRICE D. RAMSEY,

                    Plaintiffs,

       -against-

CEC ENTERTAINMENT, INC. d/b/a CHUCK E.
CHEESE and IBSC AGENCY,

                  Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

AMENDED AND
SUPPLEMENTAL
VERIFIED COMPLAINT

Index No. 24608/05

Plaintiffs by their attorney, ALAN C. GLASSMAN, as and for their

Amended and Supplemental Verified Complaint, allege as follows:

               AS AND FOR A FIRST CAUSE OF ACTION ON
               BEHALF OF LINDON RAMSEY AS AGAINST CEC
               ENTERTAINMENT, INC. d/b/a CHUCK E. CHEESE:

     1. That at all times herein mentioned, Plaintiffs were, and still are,

residents of the State of New York, County of Kings, and reside therein together as

husband and wife.

     2. That upon information and belief, at all times herein mentioned,

Defendant, CEC ENTERTAINMENT, INC. (hereinafter referred to as "CEC"), was, and

still is, a foreign business corporation, licensed to do business in the State of New York.

     3. That upon information and belief, at all times herein mentioned, CEC,

operated and/or conducted a business, in the County of Kings, under the trade or

assumed name of "CHUCK E CHEESE".

     4. That upon information and belief, at all the times herein mentioned,

CEC operated the business of a restaurant and/or seller of food and other incidental

items at the ATLANTIC TERMINAL MALL, 139 Flatbush Avenue, Brooklyn, New York,

for use by the general public.

5. That upon information and belief, Defendant, IBSC Agency, (hereinafter referred to as IBSC) at all times herein mentioned, was a domestic corporation, with a principal place of business at 190 E. 162nd Street, Bronx, New York, County of Bronx.

6. That upon information and belief, Defendant, IBSC, at all times hereinafter mentioned, was a foreign corporation, doing business in the State of New York, County of Bronx.

7. That upon information and belief, Defendant, IBSC, at all times hereinafter mentioned, was a partnership, doing business in the State of New York, County of Bronx.

8. That upon information and belief, Defendant, IBSC, at all times hereinafter mentioned, was a Limited Liability Company, doing business in the State of New York, County of Bronx.

9. That upon information and belief, on and before June 18, 2005, Defendant, CEC, operated its business on the third floor at 139 Flatbush Avenue, Brooklyn, New York.

10. That upon information and belief, on and before June 18, 2005, Defendant, CEC, controlled its business on the third floor of the premises at 139 Flatbush Avenue, Brooklyn, New York.

11. That upon information and belief, on and before June 18, 2005, Defendant, CEC, managed its business on the third floor of the premises at 139 Flatbush Avenue, Brooklyn, New York.

2

12.    That upon information and belief, on and before June 18, 2005, Defendant, CEC, maintained its business on the third floor of the premises at 139 Flatbush Avenue, Brooklyn, New York.

13.    That upon information and belief, on and before June 18, 2005, Defendant, CEC, leased its business on the third floor of the premises at 139 Flatbush Avenue, Brooklyn, New York.

14.    That upon information and belief, on and prior to June 18, 2005, CEC hired and employed persons and/or entities at the aforementioned CHUCK E. CHEESE location whose duties were to supervise and control the conduct of restaurant patrons and to keep secure and maintain the restaurant in such a manner as to provide for the safety from harm of all patrons.

15.    That upon information and belief, prior to June 18, 2005, Defendants, CEC and IBSC, entered into an agreement in which IBSC was to provide security personnel for CEC at its location at 139 Flatbush Avenue, Brooklyn, New York.

16.    That upon information and belief, on and prior to June 18, 2005, Defendant, CEC, by its agents, servants and/or employees, supervised the employment and conduct of said persons and/or entities.

17.    That upon information and belief, on and prior to June 18, 2005, Defendant, CEC, controlled the employment and conduct of said persons and/or entities.

18.    That upon information and belief, on and prior to June 18, 2005 CEC, directed the employment and conduct of said persons and/or entities.

3

19.    That on or about June 18, 2005, Plaintiff, LINDON RAMSEY, was a patron at the aforesaid CHUCK E. CHEESE, at a birthday celebration of the son of ALI PARCHMENT.

20.    That on or about June 18, 2005 at said CHUCK E. CHEESE, Plaintiff, LINDON RAMSEY, was caused to suffer severe personal and emotional injuries when he was stabbed about his body and otherwise physically assaulted by a patron or patrons, without any cause or provocation on the part of said Plaintiff.

21.    That such unauthorized and unconsented to physical conduct with the person of Plaintiff, LINDON RAMSEY, constituted an unlawful battery.

22.    That such unauthorized and unconsented to conduct towards Plaintiff, LINDON RAMSEY, placed said Plaintiff in fear of harm to his person and constituted an unlawful assault.

23.    That Plaintiff, LINDON RAMSEY's injuries were caused solely by the negligence of the Defendants and without any negligence on the part of the Plaintiff contributing thereto.

24.    That Defendant was negligent in the operation, management and supervision of its premises; in failing to provide adequate security to its patrons, including Plaintiff, LINDON RAMSEY; in failing to prevent the injuries sustained by him; in the negligent hiring of its employees and the Defendant, IBSC; in that it failed to keep the restaurant safe for the Plaintiff, LINDON RAMSEY, and others, and failed to protect him from the harm of other patrons and other acts of negligence.

25.    That Plaintiff, LINDON RAMSEY, while at the said restaurant, on or about June 18, 2005, was physically struck, assaulted and harassed by another patron

4

or patrons because of said Defendants' failure to secure the premises, for failure to provide an adequate number of security personnel and/or adequately or properly trained security personnel, causing Plaintiff serious personal injuries.

26.    That upon information and belief, CEC's employees, agents and/or servants, including IBSC personnel, were present and observed the Plaintiff, LINDON RAMSEY, being stabbed and assaulted, and failed to intervene to stop such activity, or failed to timely and/or properly intervene.

27.    That Defendant, CEC's agents, servants and or employees failed to timely call the police and failed to aid and protect the Plaintiff, LINDON RAMSEY, from the acts of such other said patrons.

28.    That CEC by its authorized employees, agents and or servants, sold, gave and/or allowed certain alcoholic beverages to be consumed by such other said patrons, who consumed such beverages openly, and, with notice of Defendants and their employees and agents on the premises and who then became intoxicated.

29.    That said patrons, at the time of consuming the alcoholic beverages or soon thereafter, were, or became, intoxicated, although CEC by its agents, servants and/or employees, knew or had reason to know from said patrons' behavior that they were intoxicated.

30.    That the complicity and inaction of defendants in permitting the consumption of intoxicating beverages at CEC's premises by its agents, servants and/or employees, was the proximate cause of said patrons' intoxication and unlawful and negligent assault and battery upon Plaintiff, LINDON RAMSEY.

5

31.    That CEC's agents, servants and/or employees, including, but not limited to, IBSC security personnel, knew, or should have known, that said patrons' conduct was caused and motivated by their having consumed excessive alcohol on Defendant's premises, and they negligently, carelessly and unlawfully permitted the continued consumption of alcoholic beverages by said patrons and while they were knowingly in an intoxicated condition.

32.    That CEC, by its agents, servants and/or employees, including IBSC personnel,  allowed said patrons to consume alcohol, while directly observing them to be so doing and permitting them to become in an intoxicated physical state.

33.    That as a result of the Defendant's aforesaid negligence and improper acts, Plaintiff was caused to sustain severe bodily injury, and mental anguish, was caused to be hospitalized, was caused to seek and obtain medical treatment, was prevented from being able to be gainfully employed, has had to incur expense for his care and treatment, and has sustained permanent injury, all to his damage in a monetary amount which exceeds the jurisdictional limit of all lower courts.

34.    This action falls within one or more of the exceptions as set forth in C.P.L.R 1602.

AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF
BEATRICE D. RAMSEY AS AGAINST CEC ENTERTAINMENT, INC.

35.    Plaintiff, BEATRICE D. RAMSEY, repeats and realleges all of the allegations contained in the paragraphs of the Complaint hereinabove numbered "1" through "34" as if the same was  set forth more fully herein.

6

36.    That as a result of the said negligence of the Defendants, Plaintiff, BEATRICE D. RAMSEY, lost, was and will be deprived of the services, society and companionship of her said husband, all to her damage in a monetary amount which exceeds the jurisdictional limits of all lower courts.

AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF
OF LINDON RAMSEY AS AGAINST IBSC AGENCY

37.    Plaintiffs repeat and reallege all of the allegations contained in the paragraphs of the Complaint hereinabove numbered "1" through "34" as if set forth more fully herein.

38.    That on or about June 18, 2005, Defendant, IBSC, failed to adequately prepare and/or train the security personnel provided for CEC at its location at 139 Flatbush Avenue, Brooklyn, New York.

39.    That on or about June 18, 2005, Defendant, IBSC, failed to provide an adequate number of security personnel for CEC at its 139 Flatbush Avenue, Brooklyn, New York location and, especially on June 18. 2005.

40.    That on or about June 18, 2005, Defendant, IBSC, provided a security guard who was not properly trained and/or prepared for the functions he was required to perform at CEC's location at 139 Flatbush Avenue, Brooklyn, New York on June 18, 2005.

41.    That on or about June 18, 2005, Plaintiff, LINDON RAMSEY, was a lawful patron at CEC's location at 139 Flatbush Avenue, Brooklyn, New York, when he was stabbed by another patron.

7

42.    That such aforementioned event took place within the view of Defendant, IBSC's employee, agents and/or personnel furnished for security.

43.    That at the aforementioned time and place, IBSC's security person witnessed a number of patrons become inebriated, rowdy and abusive and who caused a physical assault upon others, and said security person took no action whatsoever to stop said conduct, to call for the assistance of the police or any other persons to stop said conduct, and wholly failed to provide the security he was engaged to so provide.

44.    That as a result of the failure of IBSC to properly prepare and furnish trained and adequate security personnel for CEC at its location at 139 Flatbush Avenue, Brooklyn, New York, especially on June 18, 2005, Plaintiff, LINDON RAMSEY, was caused to sustain severe bodily injury, and mental anguish, was caused to be hospitalized, was caused to seek and obtain medical treatment, was prevented from being able to be gainfully employed, has had to incur expense for his care and treatment, and has sustained permanent injury, all to his damage in a monetary amount which exceeds the jurisdiction limit of all lower courts.

AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF
OF BEATRICE D. RAMSEY AS AGAINST IBSC AGENCY

45.    Plaintiff, BEATRICE D. RAMSEY, repeats and realleges all of the allegations contained in the paragraphs of the complaint hereinabove numbered "1" through "34" and "37 through "44" as if more fully set forth herein.

46.    That as a result of the said negligence of the Defendant, IBSC, Plaintiff, BEATRICE D. RAMSEY, lost, was and will be deprived of the services, society

8

and companionship of her said husband, all to her damage in a monetary amount which exceeds the jurisdictional limits of all lower courts.

       WHEREFORE, Plaintiffs demand judgment on the First Cause of Action in a monetary amount which exceeds the jurisdictional limits of all lower courts; on the Second Cause of Action in a monetary amount which exceeds the jurisdictional limits of all lower courts; on the Third Cause of Action in a monetary amount which exceeds the jurisdictional limits of all lower courts; and on the Fourth Cause of Action in a monetary amount which exceeds the jurisdictional limits of all lower courts, together with interest, costs and disbursements.

S/
_____
ALAN C. GLASSMAN
Attorney for Plaintiffs
Office & P.O. Address
9520 Seaview Avenue
Brooklyn, New York  11236
(718) 444-4441

To:    JEFFREY SAMEL & PARTNERS
      Attorneys for Defendant
      CEC ENTERTAINMENT, INC.
      150 Broadway, 20th Floor
      New York, NY  10038
      (212)  587-9690
      File No. 25-0052

      IBSC AGENCY
      Defendant Pro Se
      190 East 162nd Street
      Bronx, NY  10451

VERIFICATION

STATE OF NEW YORK     )
                      ) ss:
COUNTY OF KINGS       )

LINDON RAMSEY, being duly and sworn, deposes and says: I am the Plaintiff in the within action; I have read the foregoing AMENDED AND SUPPLEMENTAL SUMMONS and COMPLAINT, and know the contents thereof; the same are true to our own knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters we believe them to be true.

LINDON RAMSEY

Sworn to before me this
6th day of October, 2006

Notary Public

ALAN C. GLASSMAN
NOTARY PUBLIC, State of New York
No. 24-1450725
Qualified in Kings County
Commission Expires June 30, 2007



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Index No. 24608                          Year 2005

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

LINDON RAMSEY and BEATRICE D. RAMSEY,

                                        Plaintiffs,

-against-

CEC ENTERTAINMENT, INC. d/b/a
CHUCK E. CHEES, and IBSC AGENCY,

                                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

AMENDED AND SUPPLEMENTAL
SUMMONS AND COMPLAINT

ALAN C. GLASSMAN, ESQ.
Attorney for Plaintiffs
Office and Post Office Address
9520 Seaview Avenue
Brooklyn, NY  11236
(718)  444-4441

Exhibit "D"

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**
---------------------------------------------------------------------X

ALI PARCHMENT,

                        Plaintiff,

           -against-

CEC ENTERTAINMENT, INC., d/b/a CHUCK
E. CHEESE, IBSC AGENCY INC., FOREST CITY
RATNER COMPANIES, and ABC CORP., a
fictitious corporation,

                     Defendants.
---------------------------------------------------------------------X

**INDEX NO.:** 3 4 0 7 2 | 0 6

**NOV 0 9 2006**

**VERIFIED COMPLAINT**

      Plaintiff by his attorneys, FERRARO & WYATT, PLLC, complaining of CEC

ENTERTAINMENT, INC., D/B/A CHUCK E. CHEESE, IBSC AGENCY INC., FOREST

CITY RATNER COMPANIES, and ABC CORP. (each a "Defendant", and collectively, the

"Defendants"), respectfully alleges the following upon information and belief:

### PARTIES

      1.    At all times herein mentioned, Plaintiff was, and still is, a resident of the

State of New York, County of Kings.

      2.    At all times herein mentioned, Defendant CEC Entertainment, Inc. ("CEC")

was, and still is, a foreign corporation licensed to do business in the State of New York.

      3.    At all times herein mentioned, CEC operated and/or conducted a business

in the County of Kings under the trade or assumed name of "Chuck E. Cheese".

      4.    At all times herein mentioned, CEC operated the business of a restaurant

and seller of other incidental items on the 3rd Floor of the premises at the Atlantic

Terminal Mall, 139 Flatbush Ave., Brooklyn, New York (the "Restaurant") for use by the

general public.

      5.    At all times herein mentioned, Defendant IBSC Agency Inc. ("IBSC") was,

and still is, a domestic corporation incorporated under of the laws of the State of New

York in Bronx County, with a principal place of business at 190 E. 162nd Street, Bronx, New York.

     6.    At all times herein mentioned, CEC contracted with IBSC to provide security at the Restaurant.

     7.    At all times herein mentioned, Forest City Ratner Companies ("FCR") was foreign corporation doing business in the State of New York, County of Kings.

     8.    At all times herein mentioned, FCR operated the Atlantic Terminal Mall (the "Terminal Mall") located at 139 Flatbush Ave., Brooklyn, New York.

     9.    At all times herein mentioned, ABC Corp., a fictitious entity, was responsible for providing security at the Terminal Mall.

     10.   This action fall within one of the exceptions set forth in C.P.L.R. § 1602.

     11.   Each Defendant herein was acting as an agent for each other Defendant herein and as such is vicariously liable for the others acts.

### FIRST CAUSE OF ACTION AS AGAINST CEC

     12.   On and before June 18, 2005, CEC operated its business at the Restaurant.

     13.   On and before June 18, 2005, CEC controlled its business at the Restaurant.

     14.   On and before June 18, 2005, CEC managed its business at the Restaurant.

     15.   On and before June 18, 2005, CEC maintained its business at the Restaurant.

     16.   On and before June 18, 2005, CEC leased space at the Terminal Mall.

     17.   On and before June 18, 2005, CEC leased space at the Terminal Mall from FCR.

18. On and before June 18, 2005, CEC hired and employed persons and/or entities at the Restaurant whose duties included supervising and controlling the conduct of restaurant patrons and to keep secure and maintain the restaurant in such a manner as to provide for the safety from harm of all patrons.

19. Prior to June 18, 2005, CEC entered into an agreement in which IBSC was to provide security personnel for the Restaurant.

20. On and before June 18, 2005, CEC, by its agents, servants, and/or employees supervised the employment and conduct of said persons and/or entities.

21. On and before June 18, 2005, CEC directed the employment and conduct of said persons and/or entities.

22. On or about June 18, 2005, Ali Parchment was a lawful patron at the Restaurant at a birthday celebration for his son.

23. On or about June 18, 2005, at the Restaurant, Ali Parchment was caused to suffer several personal and emotional injuries when he was stabbed about his body and otherwise physically assaulted by a patron or patrons, without any cause or provocation on Ali Parchment's part.

24. The foregoing unauthorized and unconsented physical conduct toward Ali Parchment constituted an unlawful battery.

25. The foregoing unauthorized and unconsented physical conduct toward Ali Parchment placed said Plaintiff in fear of harm to his person and constituted an unlawful assault.

26. Ali Parchment's injuries were caused solely by the negligence of the Defendants and without any negligence on the part of Ali Parchment contributing thereto.

27. CEC was negligent in the operation, management and supervision of its premises; in failing to provide adequate security to its patrons, including Ali Parchment; in failing to prevent the injuries sustained by him; in the negligent hiring of its employees

and IBSC; in that it failed to keep the restaurant safe for Ali Parchment and others, and failed to protect Ali Parchment from the harm of other patrons and other acts of negligence.

28.     Ali Parchment while at the Restaurant, on or about June 18, 2005, was physically struck, assaulted and harassed by another patron or patrons because of the Defendants' failure to secure the Restaurant, for failure to provide adequately or properly trained security personnel, causing Plaintiff serious personal injuries.

29.     CEC's employees, agents and/or servants, including IBSC personnel, were present and observed Ali Parchment being stabbed and assaulted, and failed to intervene to stop such activity, or failed to timely and/or properly intervene.

30.     CEC's agent, servants and or employees failed to timely call the police and failed to aid and protect Ali Parchment from the acts of such other said patrons.

31.     CEC by it authorized employees, agents, and/or servants sold, gave and/or allowed alcoholic beverages to be consumed by such other said patrons, who consumed such beverages openly, and, with notice to Defendants and their employees and agents at the Restaurant and who then became intoxicated.

32.     Said patrons, at the time of consuming the alcoholic beverages or soon thereafter, were, or became intoxicated, although CEC by its agents, servants and/or employees, knew or had reason to know from said patrons' behavior that they were intoxicated.

33.     The complicity and inaction of the Defendants in permitting the consumption of intoxicating beverages at the Restaurant by its agents, servants, and/or employees, was the proximate cause of said patrons' intoxication and unlawful and negligent assault and battery upon Ali Parchment.

34.     CEC's agents, servants and/or employees, including, but not limited to, IBSC security personnel, knew, or should have known, that said patrons' conduct was

caused and motivated by their having consumed excessive alcohol at the Restaurant, and they negligently, carelessly and unlawfully permitted the continued consumption of alcoholic beverages by said patrons and while they were knowingly in an intoxicated condition.

35. CEC, by its agents, servants and/or employees, including IBSC personnel, allowed said patrons to consume alcohol, while observing them to be so doing and permitting them to become in an intoxicated physical state.

36. Prior to the aforementioned unconsented physical contact toward Ali Parchment, CEC and/or it agents, servants and/or employees had notice of, knew or should have known that said patrons were unruly, vicious and were possessed of assaultive propensity.

37. As a result of the Defendant's aforesaid negligence and improper acts, Ali Parchment was caused to sustain severe bodily injury and mental anguish and was caused to be hospitalized, and was caused to seek and obtain medical treatment, was prevented from being able to be gainfully employed, has had to incur expense for his care and treatment, and has sustained permanent injury, all to his damage in an monetary amount that exceeds the jurisdiction limit of all lower courts.

## SECOND CAUSE OF ACTION AS AGAINST IBSC

38. Plaintiff repeats and realleges all the allegations contained in the paragraphs of the Complaint hereinabove numbered "1" through "37" as if set forth more fully herein.

39. On or before June 18, 2005, IBSC failed to adequately prepare and/or train the security personnel provided for CEC at the Restaurant.

40. On or about June 18, 2005, IBSC failed to provide an adequate number of security personnel for CEC at the Restaurant, and especially on June 18, 2005.

41.   On or about June 18, 2005, IBSC provided a security guard who was not properly trained and/or prepared for the functions he was required to perform at the Restaurant on June 18, 2005.

42.   On or about June 18, 2005, Ali Parchment was a lawful patron at the Restaurant when he was stabbed by another patron.

43.   Such aforementioned event took place within the view of the IBSC's employee, agent or personnel furnished for security.

44.   At the aforementioned time and place IBSC's security person witnessed a number of patrons become inebriated, rowdy and abusive and who caused a physical assault upon others, and said security person took no action whatsoever to stop said conduct, to call for the assistance of the police or any other persons to stop said conduct, and wholly failed to provide the security he was engaged to so provide.

45.   As a result of the Defendant's failure to properly prepare and furnish trained and adequate security personal for CEC at the Restaurant, especially on June 18, 2005, Ali Parchment, was caused to sustain sever bodily injury and mental anguish and was caused to be hospitalized, and was caused to seek and obtain medical treatment, was prevented from being able to be gainfully employed, has had to incur expense for his care and treatment, and has sustained permanent injury, all to his damage in an monetary amount that exceeds the jurisdiction limit of all lower courts.

### THIRD CAUSE OF ACTION AS AGAINST FCR

46.   Plaintiff repeats and realleges all the allegations contained in the paragraphs of the Complaint hereinabove numbered "1" through "45" as if set forth more fully herein.

47.   On and before June 18, 2005, FCR operated the Terminal Mall.

48.   On and before June 18, 2005, FCR controlled the Terminal Mall.

49.   On and before June 18, 2005, FCR managed the Terminal Mall.

50.    On and before June 18, 2005, FCR maintained the Terminal Mall.

51.    On and before June 18, 2005, FCR leased the Terminal Mall.

52.    On and before June 18, 2005, FCR hired and employed persons and/or entities at the Terminal mall whose duties included supervising and controlling the conduct of patrons and to keep secure and maintain the mall in such a manner as to provide for the safety from harm of all patrons.

53.    Prior to June 18, 2005, FCR, it agents, servants or personnel entered into an agreement in which ABC Corp. was to provide security personnel for the Terminal Mall.

54.    On and before June 18, 2005, FCR, by its agents, servants, and/or employees supervised the employment and conduct of said persons and/or entities.

55.    On and before June 18, 2005, FCR directed the employment and conduct of said persons and/or entities.

56.    On or about June 18, 2005, Ali Parchment was a lawful patron at the Terminal Mall.

57.    On or about June 18, 2005, at the Restaurant, Ali Parchment was caused to suffer several persona and emotional injuries when he was stabbed about his body and otherwise physically assaulted by a patron or patrons, without any cause or provocation on Ali Parchment's part.

58.    The foregoing unauthorized and unconsented physical conduct toward Ali Parchment constituted an unlawful battery.

59.    The foregoing unauthorized and unconsented physical conduct toward Ali Parchment placed said Plaintiff in fear of harm to his person and constituted an unlawful assault.

60.    Ali Parchment's injuries were caused solely by the negligence of the Defendants and with any negligence on the part of Ali Parchment contributing thereto.

61.   FCR was negligent in the operation, management and supervision of its premises; in failing to provide adequate security to its patrons, including Ali Parchment; in failing to prevent the injuries sustained by him; in the negligent hiring of its employees and ABC Corp.; in that it failed to keep the restaurant safe for Ali Parchment and others, and failed to protect him from the harm of other patrons and other acts of negligence.

62.   Ali Parchment while at the Terminal Mall, on or about June 18, 2005, was physically struck, assaulted and harassed by another patron or patrons because said Defendants' failure to secure the Terminal mall, failed to provide adequately or properly trained security personnel, causing Plaintiff serious personal injuries.

63.   FCR's employees, agents and/or servants, including ABC Corp. personnel, were present and observed Ali Parchment being stabbed and assaulted, and failed to intervene to stop such activity, or failed to timely and/or properly intervene.

64.   FCR's agent, servants and or employees failed to timely call the police and failed to aid and protect Ali Parchment from the acts of such other said patrons.

65.   FCR by it authorized employees, agents, and/or servants allowed alcoholic beverages to be consumed by such other said patrons, who consumed such beverages openly, and, with notice of Defendants and their employees and agents at the Terminal Mall and who then became intoxicated.

66.   Said patrons, at the time of consuming the alcoholic beverages or soon thereafter, were, or became intoxicated, although FCR by its agents, servants and/or employees, knew or had reason to know from said patrons' behavior that they were intoxicated.

67.   The complicity and inaction of the Defendants in permitting the consumption of intoxicating beverages at the Terminal Mall by its agents, servants, and/or employees, was the proximate cause of said patrons' intoxication and unlawful and negligent assault and battery upon Ali Parchment.

68.   Prior to the aforementioned unconsented to physical contact toward Ali Parchment, CEC and/or it agents, servants and/or employees had notice of, knew or should have known that said patrons were unruly, vicious and were possessed of assaultive propensity.

69.   FCR's agents, servants and/or employees, including, but not limited to, ABC Corp. security personnel, knew, or should have known, that said patrons' conduct was caused and motivated by their having consumed excessive alcohol at the Terminal Mall, and they negligently, carelessly and unlawfully permitted the continued consumption of alcoholic beverages by said patrons and while they were knowingly in an intoxicated condition.

70.   FCR, by its agents, servants and/or employees, including ABC Corp. personnel, allowed said patrons to consume alcohol, while observing them to be so doing and permitting them to become in an intoxicated physical state.

71.   As a result of the Defendant's aforesaid negligence and improper acts, Ali Parchment was caused to sustain sever bodily injury and mental anguish and was caused to be hospitalized, and was caused to seek and obtain medical treatment, was prevented from being able to be gainfully employed, has had to incur expense for his care and treatment, and has sustained permanent injury, all to his damage in an monetary amount that exceeds the jurisdiction limit of all lower courts.

## FOURTH CAUSE OF ACTION AS AGAINST ABC CORP.

72.   Plaintiff repeats and realleges all the allegations contained in the paragraphs of the Complaint hereinabove numbered "1" through "71" as if set forth more fully herein.

73.   On or about June 18, 2005, ABC Corp. failed to adequately prepare and/or train the security personnel at the Terminal Mall.

74.   On or about June 18, 2005, ABC Corp. failed to provide an adequate number of security personnel at the Terminal Mall, and especially on June 18, 2005.

75.    On or about June 18, 2005, ABC Corp. provided a security guard who was not properly trained and/or prepared for the functions he was required to perform at the Terminal Mall on June 18, 2005.

76.    On or about June 18, 2005, Ali Parchment was a lawful patron at the Terminal Mall when he was stabbed by another patron.

77.    Such aforementioned event took place within the view of the ABC Corp.'s employee, agent or personnel furnished for security.

78.    At the aforementioned time and place ABC Corp.'s security person witnessed a number of patrons become inebriated, rowdy and abusive and who caused a physical assault upon others, and said security person took no action whatsoever to stop said conduct, to call for the assistance of the police or any other persons to stop said conduct, and wholly failed to provide the security he was engaged to so provide.

79.    As a result of the Defendant's failure to properly prepare and furnish trained and adequate security personal for ABC Corp. at the Terminal Mall, especially on June 18, 2005, Ali Parchment, was caused to sustain sever bodily injury and mental anguish and was caused to be hospitalized, and was caused to seek and obtain medical treatment, was prevented from being able to be gainfully employed, has had to incur expense for his care and treatment, and has sustained permanent injury, all to his damage in an monetary amount that exceeds the jurisdiction limit of all lower courts.

WHEREFORE, Plaintiff demands judgment against the Defendants herein on all causes of action, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated:     New York, New York
          November 1, 2006

FERRARO & WYATT, PLLC

Justin R. Wyatt
Attorneys for Plaintiff All Parchment
380 Lexington Avenue, Suite 4500
New York, New York 10168
(212) 557-2776

## ATTORNEY'S VERIFICATION

**JUSTIN WYATT**, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at **FERRARO & WYATT, PLLC.** attorneys of record for Plaintiff, Ali Parchment, in the action within. I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true.   My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff is not presently in the county wherein I maintain my offices.

DATED:     New York, New York
           November 1, 2006

Justin R. Wyatt

**SUPREME COURT OF THE STATE OF NEW YORK**          **INDEX NO.:**
**COUNTY OF KINGS**

ALI PARCHMENT,

                          Plaintiff,

              -against-

CEC ENTERTAINMENT, INC., d/b/a CHUCK
E. CHEESE, IBSC AGENCY INC., FOREST CITY
RATNER COMPANIES, and ABC CORP., a
fictitious corporation,

                          Defendants.

---

## SUMMONS AND VERIFIED COMPLAINT

---

                    FERRARO & WYATT, PLLC
                     Attorneys for Plaintiff
           380 Lexington Avenue, Suite 4500
                    New York, New York 10168
                    Telephone: (212)557-2776
                    Facsimile: (646) 349-2776

Signature pursuant to 22 NYCRR 130-1.1-a

**Dated: November 1, 2006**

_Justin Wyatt_

**Service of a copy of the within is hereby admitted.**

**Dated:_____, 2006**

                                        Attorney(s) for

**PLEASE TAKE NOTICE**
☐ NOTICE OF ENTRY                                       entered in the office of the clerk of
that the within is a (certified) true copy of a
the within named court on
☐ NOTICE OF SETTLEMENT
that an Order                          of which the within is a true copy will be presented for settlement to
the HON.                                one of the judges of the within named court at                    on
               200__ at         M.
**Dated:** New York, New York

**To:**                                FERRARO & WYATT, PLLC
                                       Attorneys for Plaintiff
                                       380 Lexington Avenue, Suite 4500
                                       New York, New York 10168

Exhibit "E"



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
LINDON RAMSEY and BEATRICE D. RAMSEY,

                        Plaintiffs,

           -against-

CEC ENTERTAINMENT, INC. d/b/a
CHUCK E. CHEESE,

                        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**VERIFIED BILL OF
PARTICULARS**

Index No. 24608/05

        Plaintiffs, by their attorney, ALAN C. GLASSMAN, ESQ., for their verified

Bill of Particulars, set forth as follows:

        1.      1550 East 102nd Street, Apt. 6C, Brooklyn, NY  11236.

        2.      June 18, 2005, approximately 8-8:30 P.M.

        3.      At Defendant's restaurant located at 139 Flatbush Avenue,

Brooklyn, NY.

        4.      Plaintiff was assaulted with a knife, while attempting to prevent a

fight or altercation or to prevent anyone from further injury following the ongoing fight

and/or altercation.

        5.    (a)    139 Flatbush Avenue, Brooklyn, NY
               (b)    At Defendant's restaurant
               (c)    Inadequate supervision of guests or occupants and over
                     their safety, and failure to employ adequate or properly
                     trained security, or such security personnel's failure to
                     prevent and/or stop said fight or altercation.
               (d)    Plaintiff would not have been stabbed if Defendant's security
                     personnel did their jobs.
               (e)    Defendant's security personnel were untrained, inadequate
                     in number and not properly skilled to prevent and/or contain
                     assaulting of guests and such inadequacy was such a

condition, in view of the number of persons using Defendant's premises, and the use of proper judgment in maintaining a security force to combat such activities.

5.A.   Not applicable.

5.B.   Not applicable.

6.     Defendant, by its agents, servants and or employees were negligent in that it failed to keep its premises safe for the Plaintiff, LINDON RAMSEY; in that it failed to provide properly trained security to keep order and protect the patrons of its restaurant from acts of harm; in that the persons at Defendant's premises charged with the responsibility to provide security for patrons were inadequate in number; were immature, were not knowledgeable of necessary security measures, failed to observe the actions of certain persons who posed a security threat and to act timely or adequately to prevent such persons from assaulting Plaintiff Lindon Ramsey, and to prevent such persons from causing acts of harm to Defendant's patrons; in that certain persons were permitted to consume alcohol upon Defendant's premises and Defendant failed to stop said drinking until such persons became intoxicated and under the influence of alcohol, such that they became unruly, agitated and combative and did in fact cause harm to several of Defendant's patrons including the Plaintiff, LINDON RAMSEY; and in that Defendant failed to remove such intoxicated persons from its premises before acts of harm were permitted to be perpetrated upon the person of Plaintiff, LINDON RAMSEY; in that Defendant failed to observe the drinking of alcohol on its premises, although the same was done openly and in view of Defendant's security staff, or Defendant's security persons observed such alcohol drinking, but took no action to stop it; and in that Defendant's security staff or persons failed to act properly, timely and adequately to ascertain

2

the potential danger to Defendant's patrons and Plaintiff, LINDON RAMSEY, specifically and to prevent harm to said Plaintiff.

7.     Plaintiffs have no present knowledge, but reserve the right to furnish the same, when and if the same becomes available, up to and including the time of trial.

8.     Stab wound in left abdomen, requiring staples to close, and which caused bleeding, pain, restriction of use and limited range of motion of entire body.

9.     Bed – three (3) days (June 18, 19 and 20, 2005)

       Home – June 18, 2005 to June 25, 2005

10.    June 18, 2005 to June 20, 2005 – Kings County Hospital Center, 451 Clarkson Avenue, Brooklyn, NY, 11203.

11.    Security Guard, approximately $400.00/week.

12.    Explorer Investigation Agency, 601 West 51st Street, New York, NY from June 18, 2005 to June 25, 2005.

13.    Totally - June 18, 2005 top June 25, 2005.
       Partially – to date

14.    LINDON RAMSEY – August 5, 1970
       BEATRICE D. RAMSEY – December 17, 1975

15.    LINDON RAMSEY - 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
       BEATRICE D. RAMSEY – 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

16.    (a)    Physician's service...................................$100.00
       (b)    Medical supplies - Not applicable.
       (c)    Loss of earnings – Plaintiff has no present knowledge, but reserves the right to furnish the same, when and if the same becomes available, up to and including the time of trial.
       (d), (e), (f) and (g) – These charges are included in the hospital in-patient bill which has not yet been received.
       (f)    Emergency Room services...........................$349.97

3

(h)    Prescription medicines – Not applicable.
(i)    Other special damages-Ambulance charges.....$941.00

17.    Physicians:    Daniel K. Nishijima, M.D.
                     Lisa S. Dresner, M.D.
                     Kings County Hospital Center
                     451 Clarkson Avenue
                     Brooklyn, NY   11203

18.    Plaintiff has no present knowledge, but reserves the right to furnish the same, when and if the same becomes available, up to and including the time of trial.

19.    Not applicable.

20.    Plaintiff, BEATRICE RAMSEY. lost and was deprived of the society and companionship of her husband, LINDON RAMSEY, was deprived of his physical assistance in household chores, and physical activities he was customarily involved in prior to his injuries, deprived of his social and sexual companionship because of his physical injuries, and was caused to lose the love and affection and level of comfort in their pre-June 18, 2005 marital relationship.

Dated: Brooklyn, NY
       October 26, 2005

                                              Yours, etc.

                                              ALAN C. GLASSMAN, ESQ.
                                              Attorney for Plaintiff
                                              9520 Seaview Avenue
                                              Brooklyn, NY   11236
                                              (718)   444-4441

4

To:    JEFFRFEY SAMEL & PARTNERS
       Attorneys for Defendant
       150 Broadway, 20th Floor
       New York, NY   10038
       (212)  587-9690
       File No. 25-0052

5

## VERIFICATION

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF KINGS      )

      LINDON RAMSEY, being duly and sworn, deposes and says: I am the Plaintiff in the within action; I have read the foregoing BILL OF PARTICULARS and know the contents thereof; the same are true to our own knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters we believe them to be true.

_____
LINDON RAMSEY

Sworn to before me this
27. day of October, 2005

_____
    Notary Public

ALAN C. GLASSMAN
NOTARY PUBLIC, State of New York
No. 24-1450725
Qualified in Kings County
Commission Expires June 30, 2007

Index No. 24608
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS                                    Year 2005

---------------------------------------------------------x

LINDON RAMSEY and BEATRICE D. RAMSEY,

                                                   Plaintiffs,

                    -against-

CEC ENTERTAINMENT, INC. d/b/a
CHUCK E. CHEESE,

                                                   Defendant.

---------------------------------------------------------x

VERIFIED BILL OF PARTICULARS

ALAN C. GLASSMAN, ESQ.
Attorney for Plaintiffs
Office and Post Office Address
9520 Seaview Avenue
Brooklyn, NY  11236
(718)  444-4441

Exhibit "F"

December 5, 2006

**CERTIFIED MAIL NO. 7006 0810 0006 2754 2381**
**RETURN RECEIPT REQUESTED**

Mr. John Marshall
IB Security Conscious
190 E. 162nd Street
Bronx, NY 10451

Re:    Policy No.:        HS00000637
       Insured:          IB Security Conscious
       Claimant:         Lindon Ramsey
       Date of Loss:     June 18, 2005
       Claim No.:        11354
       Case No.:         24608-05

Dear Mr. Marshall:

We are handling the above captioned matter on behalf of International Insurance Company of Hannover. We are in receipt of a Complaint filed against you by Lindon and Beatrice Ramsey in the Supreme Court for the State of New York, County of Kings, which arises out of the above incident. We understand you were served these papers on October 31, 2006. Please promptly inform us if there is any error as to service. This loss involves allegations of the claimant being stabbed at the Chuck E Cheese on Flatbush Avenue.

We have forwarded a copy of your claim file to Richard Eniclerico, of the law firm of Lester, Schwab, Katz & Dwyer, and have requested that he handle the defense of this lawsuit. We appreciate and thank you for your cooperation with this attorney in the handling of this matter.

Please do not discuss this suit with anyone other than an authorized representative of our Company or your attorney.

The amount claimed in this suit is unstated. Accordingly, there exists the possibility of additional liability for payments in excess of the policy limits of $1,000,000. In view of this possibility, you may wish to retain an attorney of your own choice, at your own expense, to appear in this matter and associate with the attorney we have selected as defense counsel.

We wish to call your attention to the fact that we specifically reserve our rights concerning coverage and defense under your policy for the following reasons:

Please refer to your Commercial General Liability policy endorsement no. CVX-GL-0700(1/93), which reads in part:

"THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

EXCLUSION OF SPECIFIC WORK

This endorsement modifies Insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

EXCLUDED OPERATIONS

Description:

Any and all operations at establishments or premises at which alcoholic beverages are served, sold, consumed or dispensed, including without limitation bars, nightclubs,

Page 2
December 5, 2006

restaurants, banquet facilities, sports events, concert facilities and package liquor stores...."

As the Complaint alleges the patron who allegedly assaulted Lindon Ramsey was allegedly intoxicated, the above policy provision may be applicable.

Nothing in this letter is to be construed as a waiver by the Company of any policy terms, conditions, exclusions or limitations not expressed in this letter or as a waiver, relinquishment or other limitation of the Company's rights.

WE ARE REQUIRED TO INFORM YOU THAT "SHOULD YOU WISH TO TAKE THIS MATTER UP WITH THE NEW YORK STATE INSURANCE DEPARTMENT YOU MAY WRITE OR VISIT THE CONSUMER SERVICES BUREAU, NEW YORK STATE INSURANCE DEPARTMENT AT EITHER 25 BEAVER STREET, NEW YORK, NEW YORK, 10004, OR AGENCY BUILDING 1, ALBANY, NEW YORK, 12210."

It may be necessary to contact you on short notice. We request that you immediately notify this office, as well as Attorney Eniclerico, at (212) 964-6611, as to any change in your present address and/or telephone number, even though it may be a temporary change.

Should you at any time have any questions relative to this claim, or the progress of this matter, please contact the examiner handling your claim, Toi Rice, at (248) 358-4010, extension 323.

Very truly yours,

FIRST MERCURY INSURANCE COMPANY


Michelle A. Miesch, CPCU
Technical Claim Supervisor

**MAM/jmt**

Exhibit "G"

December 19, 2006

CERTIFIED MAIL NO. 7006 0810 0006 2754 2695
RETURN RECEIPT REQUESTED

Mr. John Marshall
IB Security Conscious
190 E. 162nd Street
Bronx, NY 10451

Re: Policy No.:  HS00000637
   Insured:   IB Security Conscious
   Claimant:  All Parchment
   Date of Loss: June 18, 2005
   Claim No.:  11354
   Case No.:  34072/06

Dear Mr. Marshall:

We are handling the above captioned matter on behalf of International Insurance Company of Hannover. We are in receipt of a Complaint filed against you by Lindon and Beatrice Ramsey in the Supreme Court for the State of New York, County of Kings, which arises out of the above incident. We understand you were served these papers on November 20, 2006. Please promptly inform us if there is any error as to service. This loss involves allegations of the claimant being stabbed at the Chuck E Cheese on Flatbush Avenue.

We have forwarded a copy of your claim file to Richard Eniclerico, of the law firm of Lester, Schwab, Katz & Dwyer, and have requested that he handle the defense of this lawsuit. We appreciate and thank you for your cooperation with this attorney in the handling of this matter.

Please do not discuss this suit with anyone other than an authorized representative of our Company or your attorney.

The amount claimed in this suit is unstated. Accordingly, there exists the possibility of additional liability for payments in excess of the policy limits of $1,000,000. In view of this possibility, you may wish to retain an attorney of your own choice, at your own expense, to appear in this matter and associate with the attorney we have selected as defense counsel.

We wish to call your attention to the fact that we specifically reserve our rights concerning coverage and defense under your policy for the following reasons:

Please refer to your Commercial General Liability policy endorsement no. CVX-GL-0700(1/93), which reads in part:

"THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

EXCLUSION OF SPECIFIC WORK

This endorsement modifies Insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

EXCLUDED OPERATIONS

Description:

Any and all operations at establishments or premises at which alcoholic beverages are served, sold, consumed or dispensed, including without limitation bars, nightclubs,

Page 2
December 19, 2006

restaurants, banquet facilities, sports events, concert facilities and package liquor stores... ."

As the Complaint alleges the patron who allegedly assaulted Lindon Ramsey was allegedly intoxicated, the above policy provision may be applicable.

Nothing in this letter is to be construed as a waiver by the Company of any policy terms, conditions, exclusions or limitations not expressed in this letter or as a waiver, relinquishment or other limitation of the Company's rights.

WE ARE REQUIRED TO INFORM YOU THAT "SHOULD YOU WISH TO TAKE THIS MATTER UP WITH THE NEW YORK STATE INSURANCE DEPARTMENT YOU MAY WRITE OR VISIT THE CONSUMER SERVICES BUREAU, NEW YORK STATE INSURANCE DEPARTMENT AT EITHER 25 BEAVER STREET, NEW YORK, NEW YORK, 10004, OR AGENCY BUILDING 1, ALBANY, NEW YORK, 12210."

It may be necessary to contact you on short notice. We request that you immediately notify this office, as well as Attorney Eniclerico, at (212) 964-6611, as to any change in your present address and/or telephone number, even though it may be a temporary change.

Should you at any time have any questions relative to this claim, or the progress of this matter, please contact the examiner handling your claim, Toi Rice, at (248) 358-4010, extension 323.

Very truly yours,

FIRST MERCURY INSURANCE COMPANY


Michelle A. Miesch, CPCU
Technical Claim Supervisor

MAM/jmt

Exhibit "H"

**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Claim 11354

7006 0810 0006 2754

Sent To Mr. John Marshall

Street, Apt. No.; or PO Box No. JB. Security Conscious
190 East 162nd Street

City, State, ZIP+4 Bronx, NY 10451

PS Form 3800, June 2002          See Reverse for Instructions

**Certified Mail Provides:**

PS Form 3800, June 2002 (Reverse)

- A mailing receipt
- A unique identifier for your mailpiece
- A record of delivery kept by the Postal Service for two years

**Important Reminders:**

- Certified Mail may ONLY be combined with First-Class Mail₀ or Priority Mail₀.
- Certified Mail is *not* available for any class of international mail.
- NO INSURANCE COVERAGE IS PROVIDED with Certified Mail. For valuables, please consider Insured or Registered Mail.

- For an additional fee, a *Return Receipt* may be requested to provide proof of delivery. To obtain Return Receipt service, please complete and attach a Return Receipt (PS Form 3811) to the article and add applicable postage to cover the fee. Endorse mailpiece "Return Receipt Requested". To receive a fee waiver for a duplicate return receipt, a USPS₀ postmark on your Certified Mail receipt is required.

- For an additional fee, delivery may be restricted to the addressee or addressee's authorized agent. Advise the clerk or mark the mailpiece with the endorsement *"Restricted Delivery"*.

- If a postmark on the *Certified Mail* receipt is desired, please present the article at the post office for postmarking. If a postmark on the Certified Mail receipt is not needed, detach and affix label with postage and mail.

**IMPORTANT: Save this receipt and present it when making an inquiry. Internet access to delivery information is not available on mail addressed to APOs and FPOs.**

March 7, 2007

CERTIFIED MAIL NO. 7006 0810 0006 2754 4149
RETURN RECEIPT REQUESTED

Mr. John Marshall
IB Security Conscious
190 East 162nd Street
Bronx, NY  10451

| Re: | Policy No.: | HS00000637 |
| --- | --- | --- |
| | Insured: | IB Security Conscious |
| | Claimants: | Ali Parchment and Lindon Ramsey |
| | Date of Loss: | June 18, 2005 |
| | Claim No.: | 11354 |
| | Case Nos.: | 34072/06 and 24608/05 |

Dear Mr. Marshall:

As you know, Clarendon has in the past fully reserved all of its contractual rights with regard to this matter and has thus far paid for the defense of its insured IB Security Conscious. Through its continuing investigation, Clarendon has discovered that Chuck E Cheese served alcohol.

Clarendon policy no. HS00000637 contains Coverage endorsement no. CVX-GL-0700 (1/93). This coverage endorsement states:

"THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

### EXCLUSION OF SPECIFIC WORK

This endorsement modifies Insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

EXCLUDED OPERATIONS

Description:

Any and all operations at establishments or premises at which alcoholic beverages are served, sold, consumed or dispensed, including without limitation bars, nightclubs, restaurants, banquet facilities, sports events, concert facilities and package liquor stores...

This insurance does not apply to 'bodily injury,' 'personal injury,' or 'property damage' arising out of the work described above even if other causes contribute to or aggravate the 'bodily injury,' 'personal Injury,' or 'property damage.'

It is the intent of this endorsement to exclude from this insurance all claims, demands or suits as above described.  There shall, therefore, be no duty or obligation on our part under this Insurance to defend, respond to, investigate, or indemnify anyone, including but not limited to you, your agents, servants, or employees, or any third parties for any such claim, demand or suit.

This endorsement forms a part of the policy to which attached, effective on the inception date of the policy unless otherwise stated herein."

Based on this newly received information, Clarendon is considering whether or not any continuing duty to defend exists regarding the remaining, uncovered claims.

Before proceeding to withdraw from the defense of this matter, Clarendon requests your viewpoint. Specifically, please advise if there are any legal or factual reasons why you believe Clarendon is not entitled to withdraw from the continued defense of this matter under these circumstances within 30 days from receipt of this letter.

We look forward to your prompt reply. In the meantime, Clarendon continues to reserve all of our rights and defenses under the policy and the law, including the right to withdraw from the further defense of this matter.

Very truly yours,

FIRST MERCURY INSURANCE COMPANY


Michelle A. Miesch, CPCU
Technical Claim Supervisor

MAM/jmt

Exhibit "I"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
                                                    :        **Chapter 11**
In re:                                              :
                                                    :        **Case No. 06-11093 (BRL)**
I.B. Security Conscious, Inc.,                       :
                                                    :
                          Debtor.                   :
                                                    :
                                                    :
                                                    :
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - :

## ORDER

Upon the Motion of Ali Parchment dated April 25, 2007, and upon all other papers and proceedings heretofore had herein, it having been found that the foregoing motion was duly served on all interested parties, and all interested parties having had an opportunity to be heard, and due deliberation having been had, and sufficient cause appearing therefore, it is hereby

**ORDERED** that the Motion is granted in its entirety;

**ORDERED** that the automatic stay is modified as to Ali Parchment so that he may: (1) continue with discovery in the personal injury suit filed against the Debtors in New York State Supreme Court, County of Kings under Index No.: 34072/06; and (2) seek recovery in that action from any and all insurance policies, including the policy with First Mercury Insurance Company, maintained by the Debtors at the time of the accident; and

**IT IS FURTHER ORDERED** that Bankruptcy Rule 4001(a)(3) is not applicable so that this Order is effective immediately.

Dated: New York, New York
      April 25, 2007

                        **/S/Burton R. Lifland**
                        UNITED STATES BANKRUPTCY JUDGE

Exhibit "J"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re

IBSC AGENCY, INC.,                                    Chapter 11

          Debtor.                              Case No. 06-11092 (BRL)

-------------------------------------------------------------X
In re

I.B. SECURITY CONSCIOUS, INC.                          Case No. 06-11093 (BRL)

          Debtor.
-------------------------------------------------------------X

## ORDER

    Upon the Motion of Lindon Ramsey and Beatrice D. Ramsey, dated June 25,

2007, and upon all other papers and proceedings hereto and herein, it having been found

that the foregoing Motion was duly served on all interested parties, and all interested

parties having had an opportunity to be heard, and due deliberation having been had, and

sufficient cause appearing therefore, it is hereby

    **ORDERED,** that the Motion is granted in its entirety;

    **ORDERED,** that the automatic stay is modified as to Lindon Ramsey and

Beatrice D. Ramsey so that they may: (a) continue with discovery in the personal injury

suit filed against the Debtors in New York State Supreme Court, County of Kings, under

Index No.: 24608/05; and (b) seek recovery in that action from any and all insurance

policies, including the policy with First Mercury Insurance Company, maintained by the

Debtors at the time of the incident, and that recovery shall be limited to the available

insurance coverage, and Plaintiffs Lindon Ramsey and Beatrice D. Ramsey shall not seek

reimbursement from the Debtors' estate, and

**IT IS FURTHER ORDERED,** that the Bankruptcy Rule 4001(2)(3) is not

applicable so that this order is effective immediately.

Dated: New York, New York
       August 21, 2007


/s/Burton R. Lifland
HONORABLE BURTON R. LIFLAND
UNITED STATES BANKRUPTCY JUDGE

Exhibit "K"

# *First Mercury Insurance Company*

November 29, 2007

CERTIFIED MAIL NO. 70071490000360681091
RETURN RECEIPT REQUESTED

Mr. John Marshall
IB Security Conscious
190 East 162nd Street
Bronx, New York 10451

| Re: | Policyholder | : | **IB Security Conscious** |
|---|---|---|---|
| | Claimants | : | **Lindon Ramsey; Ali Parchment** |
| | Date of Loss | : | **June 18, 2005** |
| | Policy No. | : | **HS00000637-2** |
| | Our File No. | : | **11354** |
| | Case Nos. | : | **34072/06 and 24608/05** |

Dear Mr. Marshall:

     This will confirm that in November 2006, you forwarded to First Mercury Insurance Company ("First Mercury") a complaint filed against IB Security Conscious ("IBSC") by Lindon and Beatrice Ramsey in the Supreme Court for the State of New York, County of Kings, Index No. 24608/05 ("Ramsey Action"). You provided notice of the complaint under the Commercial General Liability Policy issued to IBSC by International Insurance Company of Hannover, Ltd. ("Hannover"), for the period July 11, 2004 through July 11, 2005 via Policy No. HS00000637-2 (the "Policy"). Thereafter, you transmitted a complaint filed against IBSC by Ali Parchment in the Supreme Court for the State of New York, County of Kings, Index No. 34072/06 ("Parchment Action"), as notice under the Policy.

     On December 5, 2006, First Mercury, on behalf of Hannover, issued a reservation of rights letter regarding the Ramsey Action, accepting the defense of the matter but reserving rights with respect to coverage and defense based upon the Exclusion of Specific Work Endorsement number CVX-GL-0700(1/93). First Mercury advised that nothing in the letter was to be construed as a waiver of any Policy terms, conditions, exclusions or limitations not expressed in the letter or as a waiver, relinquishment or other limitation of rights. On December 19, 2006, First Mercury, on behalf of Hannover, issued a reservation of rights letter regarding the Parchment Action, again accepting the defense of the matter but reserving rights with respect to coverage and defense based upon the Exclusion of Specific Work Endorsement number CVX-GL-0700(1/93).

     By letter dated March 7, 2007, First Mercury, on behalf of Hannover, advised you that it learned that Chuck E. Cheese served alcohol and requested from you any legal or factual reasons for consideration before it withdrew from the defense of IBSC in the Ramsey and Parchment Actions pursuant to the Exclusion of Specific Work Endorsement. To date, you have not responded to this request.

     **Further to First Mercury's December 5, 2006 and December 19, 2006 reservation of rights letters, and the March 7, 2007 supplemental reservation of rights letter, and for the reasons below, First Mercury, on behalf of Hannover, is now withdrawing from the defense of IBSC in the Ramsey and Parchment Actions, and disclaiming coverage under the Policy for any claims arising out of the June 18, 2005 incident against IBSC and the Ramsey and Parchment Actions.**

## THE POLICY

     Hannover issued a Commercial General Liability Policy to IBSC for the period July 11, 2004 through July 11, 2005 via Policy No. HS00000637-2 (the "Policy"). The Policy contains an Exclusion of Specific Work Endorsement, Form CVX-GL-0700 (1/93), describing excluded operations as:

# First Mercury Insurance Company

Any and all operations at establishments or premises at which alcoholic beverages are served, sold, consumed or dispensed, including without limitation bars, nightclubs, restaurants, banquet facilities, sports events, concert facilities and package liquor stores.

* * * *

This insurance does not apply to "bodily injury," "personal injury," or "property damage" arising out of the work described above even if other causes contribute to or aggravate the "bodily injury," "personal injury," or "property damage."

It is the intent of this endorsement to exclude from this insurance all claims, demands or suits as above described. There shall, therefore, be no duty or obligation on our part under this Insurance to defend, respond to, investigate, or indemnify anyone, including but not limited to you, your agents, servants, or employees, or any third parties for any such claim, demand or suit.

## THE PERSONAL INJURY ACTIONS

IBSC is named as a defendant in actions styled *Lindon Ramsey and Beatrice D. Ramsey v. CEC Entertainment, Inc., d/b/a/ Chuck E. Cheese and IBSC Agency*, venued in Kings County, index number 24608/05 ("Ramsey Action") and *Parchment v. CEC Entertainment, Inc., d/b/a/ Chuck E. Cheese, IBSC Agency Inc., Forest City Ratner Companies, and ABC Corp.*, venued in Kings County, index number 34071/06 ("Parchment Action"). Both actions arise from a June 18, 2005 incident at Chuck E. Cheese ("CEC") in the Atlantic Terminal Mall in Brooklyn, New York. Plaintiffs allege that CEC hired IBSC to provide security at this location. To date, IBSC has not located or provided a copy of the operative contract.

The complaints both allege that on the date of incident plaintiffs Parchment and Ramsey suffered severe personal and emotional injuries as a result of each being stabbed by a CEC patron(s). (Parchment Compl., ¶ 23; Ramsey Compl., ¶ 20). The complaints also allege that CEC sold, gave or allowed alcoholic beverages to be consumed by its patrons. (Parchment Compl., ¶ 31; Ramsey Compl., ¶ 28). Additionally, plaintiffs assert that the patrons at the time of or shortly after consuming alcohol were intoxicated. (Parchment Compl., ¶ 32; Ramsey Compl., ¶ 29).

In the Ramsey Action, plaintiffs served a verified bill of particulars sworn to by Lindon Ramsey on the 27th day of October 2005. In the bill, plaintiffs allege:

[C]ertain persons were permitted to consume alcohol upon [CEC's] premises and [CEC] failed to stop said drinking until such persons became intoxicated and under the influence of alcohol, such that they became unruly, agitated and combative and did in fact cause harm to several of [CEC's] patrons including the Plaintiff, LINDON RAMSEY; and in that [CEC] failed to remove such intoxicated persons from its premises before acts of harm were permitted to be perpetrated upon the person of Plaintiff, LINDON RAMSEY; in that [CEC] failed to observe the drinking of alcohol in its premises, although the same was done openly and in view of [CEC's] security staff, or [CEC's] security persons observed such alcohol drinking, but took no action to stop it.

# *First Mercury Insurance Company*

## DISCLAIMER OF COVERAGE

In each of the complaints, as well as in discovery to date, it has been alleged that alcoholic beverages were either "served, sold, consumed or dispensed" at CEC. Based upon our investigation, we understand that CEC Entertainment Inc. has had, in effect for years, a policy to provide beer and wine at parties. Moreover, CEC Entertainment Inc., located at 139 Flatbush Avenue, 3rd Fl., Brooklyn, NY 11217 (the address identified in the complaints) possessed a liquor license effective as if November 1, 2006.

The Policy in the Exclusion of Specific Work Endorsement specifically excludes from coverage "any and all operations at establishments or premises at which alcoholic beverages are served, sold, consumed or dispensed." Based upon the fact that CEC served, sold, dispensed or permitted to be consumed alcoholic beverages at the location at which IBSC provided its security services, the Exclusion of Specific Work Endorsement precludes coverage for any claims against IBSC arising from the June 18, 2005 incident or as alleged in either the Ramsey or Parchment Actions. **Accordingly, First Mercury, on behalf of Hannover, hereby withdraws from the further defense to IBSC in the Ramsey and Parchment Actions and disclaims any duty to indemnify or afford any coverage for such actions under the Policy. Please note that you have 30 days from the date of this letter to assign defense counsel to protect your interests related to the above captioned suit. Defense counsel will be instructed to withdraw from this case in the next 30 days.**

This determination does not foreclose the possibility that there may be additional facts which supports the above determination but which may give rise to other grounds for reducing or eliminating coverage. **First Mercury, on behalf of Hannover, specifically and expressly reserves all rights and defenses as contained within the Policy's terms, conditions, exclusions and endorsements with regard to this coverage determination.**

We trust you appreciate that our actions and inquiries are without prejudice to any and all rights as specifically reserved or otherwise available with respect to this matter. If you have any questions regarding any of the foregoing, please do not hesitate to contact me.

Very truly yours,

FIRST MERCURY INSURANCE COMPANY

Michelle A. Miesch, CPCU
Technical Claim Supervisor

cc:    United States Trustee (by certified mail, return receipt requested)
       Office of the United States Trustee
       33 Whitehall Street, 21st Floor
       New York, New York 10004

       Raymond W. Verdi
       Heller & Verdi, P.C.
       *Attorneys for IBSC in United States Bankruptcy Court*
       1975 Hempstead Turnpike, Ste. 209
       East Meadow, New York 11554

       Steven P. Orlowski, Esq.
       Lester Schwab Katz & Dwyer, LLP
       *Attorneys for IBSC in Kings County Supreme Court*
       120 Broadway
       New York, New York 10271-0071

       Justin Wyatt, Esq

29621 Northwestern Hwy., Southfield, MI 48034 248-358-4010 Fax: 248-357-5036

# First Mercury Insurance Company

Ferraro & Wyatt, PLLC
*Attorneys for Plaintiff Ali Parchment*
380 Lexington Avenue, Ste. 4500
New York, New York 10168

Alan C. Glassman, Esq.
*Attorneys for Plaintiffs Lindon and Beatrice Ramsey*
9520 Seaview Avenue
Brooklyn, New York 11236

Richard Soberman, Esq.
Jeffrey Samel & Partners
*Attorneys for Defendant CEC Entertainment, Inc.*
150 Broadway, 20th Floor
New York, New York 10038

Richard Freiman, Esq.
Quirk and Bakalor, P.C.
*Attorneys for Defendant Forest City Ratner Companies*
845 Third Avenue, 15th Floor
New York, New York 10022-3301

Mr. Korman Insurance
2820 Merrick Rd.
Suite F
Bellmore, NY 11710

Exhibit "L"

UNITED STATES BANKRPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                      Chapter 11

IBSC AGENCY, INC., and                                      Case No. 06 B 11092 (BRL)
I.B. SECURITY CONSCIOUS, INC.                               Case No. 06 B 11093 (BRL)
                                                             (Jointly Administered)


                                    Debtors.
------------------------------------------------------------X

## ORDER DIMISSING CHAPTER 11 CASES


   **UPON** consideration of the application (the "Application") of the above captioned

debtors and debtors-in-possession by their attorneys Rattet, Pasternak & Gordon-Oliver, LLP for

an Order Dismissing the Chapter 11 Cases, and a hearing (the "Hearing") having been held

before this Court to consider the application on June 19, 2008; and upon the record made thereat;

and no objection having been filed; it is hereby

   **ORDERED**, that the Application is granted and the Chapter 11 cases are hereby

dismissed on the condition the Debtors pay all U.S. Trustee fees through the 2nd quarter of 2008

within 10 days of the date of this Order.

Dated: New York, New York
  June 19, 2008

        /s/Burton R. Lifland
        HONORABLE BURTON R. LIFLAND
        UNITED STATES BANKRUPTCY JUDGE